**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11-CR-400 HEA |
| | ) | |
| | ) | |
| DEJUEAN PETTY, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Defendant DeJuan Petty's *pro se* Motion to Request a Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 890). Defendant's counsel filed a notice of her intent to not file a supplement to his motion for a reduction in sentence. For the reasons stated below, Defendant's motion is denied.

## *I. Background*

In October 2011, Defendant was charged with conspiring with 11 others to distribute and possess with intent to distribute in excess of five kilograms of cocaine, 280 grams of cocaine base, and 50 kilograms of marijuana (Count I); and possessing and discharging a firearm in furtherance of a drug trafficking crime (Count II). Sometime on or about February 12, 2014, Defendant and the government entered into a plea agreement. Defendant agreed to plead guilty to Count I, and in exchange,

the United States agreed to dismiss Count II at sentencing. The parties also agreed that there would be a recommended sentence of 195 months.

On February 12, 2014, Defendant pleaded guilty to Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, Cocaine Base, and Marijuana in violation of 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A). On May 13, 2014, the Court sentenced Defendant to 195 months imprisonment to be followed by five years of supervised release, which was within the advisory Guidelines range. The sentence was ordered to run concurrently with the balance of the sentence Defendant was then serving under *United States v. Petty*, No. 4:11-CR-7 CEJ. Defendant did not file an appeal.

On May 8, 2015, Defendant filed a Motion to Correct Sentence under 28 U.S.C. § 2255. (4:15-CV-739 HEA, ECF No. 1). Defendant raised claims that his trial counsel was ineffective for failing to adequately advise him that his plea agreement contained a provision waiving his right to file a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c), and for failing argue that his role in the conspiracy ended in 2011 and, therefore, a lower drug quantity was appropriate. Defendant's Motion to Vacate was denied on the merits. (4:15-CV-739 HEA, ECF No. 20). Defendant appealed, and the Court denied Defendant's application for a certificate of appealability. The Eighth Circuit also denied Defendant's application

for a certificate of appealability, and Defendant's appeal was dismissed. (4:15-CV-739 HEA, ECF No. 20).

Defendant now seeks relief pursuant to 18 U.S.C. § 3582(c)(1)(A), the First Step Act. In his motion for compassionate release, Defendant argues that since the time of his sentencing in November 2014, the United States Sentencing Commission (the "Commission") amended the § 2D1.1 drug quantity table through Amendment 782, which was made retroactive. However, in his plea agreement, Defendant agreed to waive his right to file a motion for reduction of sentence "that may arise as a result of the proposed Sentencing Guideline changes." (ECF No. 657 at 1). Thus, he was ineligible for an Amendment 782 reduction. In his motion, Defendant requests relief based on the supposed harsh sentence he received and the fact that if he was sentenced today, he would be subject to a lower mandatory sentence, which "creates a disparity between [Defendant]'s (then) sentence and the sentence he would likely receive today for the same offense."[1] (ECF No. 890 at 6).

In his motion, Defendant seeks relief based on other grounds as well, including: (1) the fact that he experienced incarceration during the COVID-19

[1]Defendant argues that he was sentenced above his Guideline range. Citing to the Final Presentence Report, Defendant asserts that "his original Guidelines range calculation was 151 to 188 months." (ECF No. 890 at 2). This is incorrect. Defendant had a total offense level of 31 and a criminal history category of VI, and the Guideline imprisonment range was 188 months to 235 months. (ECF Nos. 686 at 26; 687 at 1; and 696 at 1-2). Defendant was sentenced to 195 months, within the Guideline range.

pandemic and was subjected to being locked down for extremely long periods of time; (2) underlying health conditions, such as high-blood pressure and pre-diabetes; (3) the fact that he is the product of a broken home; (4) his mother was a drug addict and recently died; and (5) his older brother, who was like a father to Defendant, was shot and killed. He also points to the fact that he is the father of four adult children and is soon to be a grandfather, and that in prison he maintained employment, only had three minor disciplinary violations, and has completed 500 hours of drug classes. Defendant contends that all of these circumstances present extraordinary and compelling reasons to resentence him to time served.

Defendant is now 41 years old and is presently serving his sentence at a residential reentry program in St. Louis, Missouri, with a projected release date of June 22, 2027. *See* Inmate Locator, Federal Bureau of Prisons, www.bop.gov/inmateloc (last visited September 21, 2026).

## *II. Discussion*

In general, "the court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). A narrow exception to this rule is commonly referred to as compassionate release. § 3582(c)(1)(A)(i). The statute allows the Court to reduce the term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction[.]" *Id.* However, "Congress did not

specify what ‘extraordinary and compelling’ reasons might warrant compassionate release.” *Rutherford v. United States,* 146 S. Ct. 1320, 1327 (2026). Instead, Congress authorized the Commission to create policy statements that “describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.” 28 U.S.C. § 994(t). In 2016, the Commission recognized four categories of extraordinary and compelling reasons: “Medical Condition of the Defendant,” “Age of the Defendant,” “Family Circumstances,” and “Other Reasons . . . [a]s determined by the Director of the Bureau of Prisons.” United States Sentencing Commission, Guidelines Manual Supp. to App. C, Amdt. 799 (2016) (USSG).

Prior to 2018, only the Bureau of Prisons (“BOP”) could ask a district court to reduce a prisoner’s sentence on the grounds of compassionate release. In 2018, Congress passed the First Step Act, which amended 18 U.S.C. § 3582(c)(1)(A) to allow a prisoner to request that BOP file a motion on his or her behalf, and, if BOP declines or fails to do so within 30 days, the prisoner may file a motion with the district court. 18 U.S.C. § 3582(c)(1)(A). While Congress amended the procedures for a motion for compassionate release, it did not amend the “extraordinary and compelling” standard.

The Commission did not update its policy statement to address the changes in the statute until 2023. In 2023, it amended its policy statement to add new categories

to the list of "extraordinary and compelling," including "Unusually Long Sentence." *See* USSG App. C, Amdt. 814. Under this category:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. 1B1.13.

Across the country, many defendants filed motions for compassionate release arguing that their sentences would be lower based on amendments to the Guidelines that were adopted after they were sentenced. In *Rutherford v. United States*, the United States Supreme Court held that Congress's nonretroactive change to 18 U.S.C. § 924(c) – "considered by itself or in combination with other factors" – did not constitute an "extraordinary and compelling" reason for reduction in sentence and, therefore, "cannot make a prisoner eligible for compassionate release." 146 S. Ct. at 1335. In its decision, the Supreme Court declined to define the parameters of "extraordinary and compelling," but it did provide some guidance as to what qualifies as reasons for compassionate release. "'[E]xtraordinary and compelling' reasons for compassionate release are those that are especially unusual and convincing[,]" and "the 'heartland' of compassionate release [ ] has long been

defined by a prisoner's personal circumstances." *Id.* at 1331. The Court noted that since 2023, the Commission has emphasized "essentially three grounds for compassionate release: (1) medical condition, (2) age, and (3) family circumstances," in other words, the prisoner's personal circumstances. *Id.* But for purposes of its decision, it "need not decide whether there are reasons beyond personal circumstances that could qualify as 'extraordinary and compelling.'" *Id.*

In this case, Defendant is seeking compassionate release based on a change to the Guidelines that was made retroactive. *United States v. Thomas*, 775 F.3d 982, 983 (8th Cir. 2014) ("noting that the Commission expressly made Amendment 782 retroactive effective November 1, 2015"). Defendant, however, did not qualify for a reduction under Amendment 782, because he entered a Rule 11(c)(1)(C) plea agreement and waived his right to file a motion to reduce sentence under 18 U.S.C. § 3582(c)(2). Previously, this Court found that Defendant voluntarily agreed to the waiver, and that "[Defendant] was aware that he was waiving the right to file any motion for reduction of sentence as a result of proposed changes to the Sentencing Guidelines." (4:15-CV-739 HEA, ECF No. 20). Stated another way, at the time he entered his plea, Defendant knew it was possible, and even likely, that the Sentencing Guidelines would be amended in his favor, but he waived the right to file a motion to reduce his sentence in exchange for a lighter sentence and the government's promise to dismiss the felon in possession charge against him, which

it did. Although he received the benefit of the bargain, Defendant now regrets agreeing to the waiver because it closed the door to relief under Amendment 782. The Court does not find these to be "extraordinary and compelling" circumstances that would qualify Defendant for compassionate relief under 18 U.S.C. § 3582(c)(1)(A)(i). In the Court's experience, waivers in Rule 11(c)(1)(C) plea agreements are not unusual in the least.

That said, even if the Court were to consider the Commission's category of "Unusually Long Sentence," Defendant does not qualify. Under this category, the change in the law must produce "a *gross* disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. 1B1.13(b)(6) (emphasis added). Defendant was sentenced to 195 months imprisonment, which was to run concurrent with the balance of the sentence in Docket No. 4:11-CR-7 CEJ. At the time of sentencing, Defendant had a Total Offense Level of 31 and a Criminal History Category of VI, placing the Guideline range at 188 to 235 months. Under Amendment 782, his Total Offense Level was reduced to 29, and the new Guideline range was 151 to 188 months. Defendant received a sentence that was only seven months higher than the top of the new Guideline range, which is not a gross disparity.

Further, in evaluating whether Defendant falls within the category of "Unusually Long Sentence," the Court is directed to consider Defendant's

"individualized circumstances." U.S.S.G. 1B1.13(b)(6). Defendant was part of a sizable criminal conspiracy to distribute large amounts of cocaine, cocaine base, and marijuana in St. Louis. The government considered Defendant to be the second most culpable in the large conspiracy, and the parties agreed that at least five kilograms of cocaine, 280 grams of cocaine base, and 50 kilograms of marijuana were attributable to Defendant. Defendant has a long criminal history dating back to when he was 16, including drug crimes, assault, and a prior federal felony conviction for being a felon in possession of a firearm. And on the date of his arrest for the charges in this case, he was carrying a handgun and fled from the police. In light of these circumstances, Defendant's current sentence appropriately provides just punishment for the offenses and affords adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(2)(A)–(B). The fact that the Guidelines were amended after sentencing, and Defendant was unable to receive the benefit of Amendment 782 are not "extraordinary and compelling" circumstances that would qualify Defendant for compassionate relief.

The Court also finds Defendant's other grounds for compassionate release do not qualify as extraordinary and compelling circumstances. Defendant had a difficult childhood and experienced loss in his family, including the death of his brother. The Court considered these family circumstances when Defendant was originally sentenced. Defendant's mother has recently died, and the Court offers its

condolences for Defendant's loss. There is, however, no evidence that she was a caregiver for his children, who are now adults, or anyone in his immediate family. U.S.S.G. 1B1.13(b)(3).

The Court also declines to extend relief based on Defendant's medical condition and the fact that he was incarcerated during the COVID-19 pandemic. There is no evidence Defendant is suffering from a severe medical condition that presents an extraordinary and compelling reason to warrant modification of his sentence. Finally, Defendant offers that he is about to become a grandfather, he has maintained employment while being incarcerated and has had only three minor violations, and he has completed a drug class. The Court commends Defendant for completing the class and participating in BOP programs and encourages Defendant to continue with his education and commitment to rehabilitation. But based on the record, the Court does not find there are extraordinary and compelling reasons to support an early release. A reduction of sentence is not warranted under 18 U.S.C. § 3582(c) or the First Step Act.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant DeJuan Petty's Motion for Resentencing Under 18 U.S.C. § 3582(c)(1)(A) is **DENIED.** [ECF No. 890]

Dated this 25th day of September, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE